UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
CURTIS MINNARD,                )
                               )    2:06-cv-1460-GEB-GGH
               Plaintiff,      )
                               )    ORDER*
     v.                        )
                               )
ROTECH HEALTHCARE, INC.,       )
                               )
               Defendant.      )
                               )
```

Plaintiff moves to amend his Complaint and for remand to state court.  Defendant Rotech Healthcare, Inc. ("Defendant") opposes the motion.

BACKGROUND

Plaintiff worked for Defendant as a Patient Technician from mid-1998 until April 2006.  (Mot. at 1:21-22, Opp'n at 1:16-17.)  Dawn Neal ("Neal") became Plaintiff's manager in 2002 or 2003.  (Mot. at 1:24, Opp'n at 1:19.)  In 2005, Plaintiff complained to Neal about what he perceived as an unlawful overtime compensation policy.  (Mot. at 2:6-7, Opp'n at 1:23-24.)  In April 2006, Neal terminated Plaintiff.  (Mot. at 2:18-19, Opp'n at 2:4-5.)  Plaintiff contends

---

\* This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1  that he was fired for allegedly "forging a date on a document" and
2  that "his termination was wrongful, based upon false and pretextual
3  reasons in retaliation for his complaints about, and objections to,
4  unlawful working conditions, wages and compensation." (Mot. at 2:18-
5  19, 3:1-3.) Defendant counters that Neal terminated Plaintiff because
6  Plaintiff "wr[ote] [a] date on a delivery form for [a] patient" which
7  Neal believed constituted forgery, after Neal had advised Plaintiff
8  "that the Company was renewing its emphasis on the requirement that
9  patients or their designees, and not Rotech's service technicians,
10 were to sign and date delivery forms." (Opp'n at 2:4-5, 1-3.)
11         Plaintiff subsequently filed a Complaint against Defendant
12 for retaliation under California's Fair Employment and Housing Act
13 ("FEHA") (Cal. Gov't Code §§ 12900 *et seq.*); wrongful termination in
14 violation of public policy; defamation; failure to pay overtime
15 compensation; waiting time penalties pursuant to California Labor Code
16 section 203; violation of California Business and Professions Code
17 section 17200; and intentional infliction of emotional distress.
18 (Compl. ¶¶ 13-59.) Plaintiff moves to amend the Complaint to join
19 Neal as a Defendant for claims of retaliation, defamation, and
20 invasion of privacy and to add new claims against the existing
21 Defendant for invasion of privacy, breach of implied contract, and
22 breach of implied covenant of good faith and fair dealing. (Am.
23 Notice of Mot. to Amend and for Remand at 1:26-28, 2:1-3.)
24                             DISCUSSION
25         Plaintiff argues that joinder of Neal is appropriate under
26 Federal Rules of Civil Procedure ("Rule") 15, 19, and 20 and under 28
27 U.S.C. § 1447(e), and that he should be allowed to amend his Complaint
28 to add new claims against the existing Defendant because the factual

2

1 bases for these claims were not previously known "and could not have
2 been known or fully developed prior to undertaking discovery in this
3 case." (Mot. at 3:11-13, 9:4-7.) Defendant counters that Plaintiff's
4 "motion fails to recognize that before the Court reaches the amendment
5 standards of Rule 15 and [28 U.S.C. §] 1447, he must first demonstrate
6 good cause for modifying the Pretrial Scheduling Order under Rule
7 16(b)." (Opp'n at 4:5-8). Defendant further contends that
8 Plaintiff's "motion should be denied because he has made no attempt to
9 show, and he cannot show, that good cause exists to modify the
10 Pretrial Scheduling Order under Rule 16." (Id. at 4:11-13.)

11      The parties filed a Joint Status Report on December 4, 2006,
12 in which they stated they did not anticipate joinder of additional
13 parties or amendment of the pleadings. (Joint Status Report at 2:7-
14 9.) The Scheduling Order issued after this filing and provides in
15 pertinent part that "[n]o further service, joinder of parties or
16 amendments to pleadings is permitted, except with leave of Court, good
17 cause having been shown." (December 11, 2006 Scheduling Order at 2:4-
18 6.)

19      To amend the Scheduling Order's "[n]o further . . .
20 amendments to pleadings" provision, Plaintiff must show good cause
21 exists for the amendment under Rule 16(b). Howard Rice Nemerovski
22 Canady Falk & Rabkin v. Total Tech., Inc., 2006 WL 2850047, at *1
23 (N.D. Cal. Oct. 5, 2006) (citing Johnson v. Mammoth Recreations, Inc.,
24 975 F.2d 604, 608 (9th Cir. 1992)). Rule 16(b)'s "good cause"
25 standard focuses on the diligence of the party seeking the amendment.
26 Johnson, 975 F.2d at 608-09. A diligence inquiry under this standard
27 is whether the movant discharged his obligation "to collaborate with
28 the district court *ab initio* in fashioning" a workable Rule 16

scheduling order for the case. In re San Juan Dupont Plaza Hotel Fire Litig., 111 F.3d 220, 229 (1st Cir. 1997); Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). The issue is whether Plaintiff could have assisted the judge with input in his Rule 16 status report so that the amendment Plaintiff now seeks could have been sought under Rule 15's more lenient amendment standard. Counsel are expected to inform the judge in their Rule 16 status reports about reasonably foreseeable contingencies that could affect scheduling. Such information enables the judge to consider whether discovery pertinent to a party's decision to amend should be completed within a specified period, and whether to allow amendment triggered by such discovery to be sought under Rule 15(a), and in this case, guided by the factors provided in 28 U.S.C. § 1447(e). Jackson, 186 F.R.D. at 608; IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

Plaintiff does not argue in his motion that he has "good cause" to modify the no amendment provision prescribed in the Scheduling Order.[1] Nonetheless, Plaintiff's argument under 28 U.S.C. § 1447 sheds light on the "good cause" diligence inquiry. Plaintiff argues that "[t]he first knowledge Plaintiff's counsel had that claims existed against [Neal] in her individual capacity was during her deposition" which occurred on December 15, 2006 and February 23, 2007, after the Scheduling Order was issued. (Mot. at 5:19-26.) Plaintiff contends that "Neal is the individual who carried out most of the acts

---

[1] Plaintiff raised the "good cause" standard for the first time in his Reply brief. "Courts generally decline to consider arguments that are raised for the first time in reply." Stewart v. Wachowiski, 2004 WL 2980783, at *11 (C.D. Cal. Sept. 28, 2004). However, Plaintiff's arguments under § 1447(e) in his Motion are considered under the good cause standard.

1 of wrongful termination, defamation, and retaliation claimed by
2 [P]laintiff"; "[h]er deposition testimony made it clear that she had
3 conversations that a jury could conclude were defamatory and invaded
4 [P]laintiff's privacy"; and "[u]ntil her deposition, it was not clear
5 who actually made the decision to terminate [P]laintiff, and what was
6 said to whom about that decision." (Id. at 6:5-11.)

7 Defendant counters that "[t]he initial disclosures, written
8 discovery and depositions, and even [Plaintiff's] [California
9 Department of Fair Employment and Housing ("DFEH")] charge filed prior
10 to the commencement of this case, demonstrate [Plaintiff's] knowledge
11 of Neal as a potential defendant long before [Plaintiff] began work
12 toward the present motion." (Opp'n at 5:3-5.) Specifically,
13 Defendant argues that Plaintiff named Neal "as the person who
14 terminated his employment allegedly in retaliation for his complaint
15 about the overtime policy" in the DFEH charge (filed May 11, 2006),
16 and that in his initial disclosures, served September 27, 2006, prior
17 to the parties' Joint Status Report, Plaintiff produced a letter
18 written by his attorney to Defendant's Vice President of Human
19 Resources asserting that "Neal 'fired [Plaintiff] on Friday morning
20 without notice, warning, or cause [and that Neal's] reasons for
21 [Plaintiff's] termination are specious and unworthy of belief.'" (Id.
22 at 5:6-15.) Defendant contends that "[i]n addition to [Plaintiff's]
23 prior knowledge of his potential retaliation claim against Neal,"
24 Plaintiff revealed, through his deposition taken on November 20, 2006,
25 that he "had knowledge of his potential defamation and invasion of
26 privacy claims long before Neal's deposition." (Id. at 5:17-20.)
27 Defendant presents deposition testimony where Plaintiff "testified
28 that he was aware that Neal had told Bethany Gilmore [Neal's co-

5

1  worker] that [Plaintiff] was terminated because he committed fraud or
2  forgery."  (Id. at 5:21-22, Decl. of Kristina Launey, Ex. C (Minnard
3  Dep.) at 145:11-147:10.)
4          Plaintiff rejoins that "[w]hile it is true that [P]laintiff
5  was aware that [] Neal was the one who *carried out* his termination,
6  [P]laintiff initially believed that [] Neal was acting at the
7  direction of one of her superiors, Joni Moss, who was also identified
8  in the DFEH complaint."  (Reply at 1:25-28.)  Plaintiff argues that
9  until Neal's "deposition was completed, [he] had no reason to believe
10 that [] Neal was acting on her own to retaliate against [P]laintiff."
11 (Id. at 2:1-2.)  Plaintiff also argues that "[w]hile it is true that
12 [he] became aware near the end of November[] 2006 . . . that Neal told
13 Bethany Gilmore that she was going to fire [P]laintiff for committing
14 'fraud in paperwork,' and for 'forging a signature,' [P]laintiff's
15 counsel determined that such information, alone, was insufficient to
16 allege a cause of action against [] Neal for invasion of privacy and
17 defamation" and that it was only in the second session of Neal's
18 deposition on February 23, 2007, that Neal revealed that she told
19 three other people that she was terminating Plaintiff "for acts
20 involving dishonesty."   (Id. at 4:5-9, 2:3-8.)
21         Even if Plaintiff had been uncertain at the time of filing
22 the Joint Status Report as to whether Neal had made the termination
23 decision on her own, Plaintiff has not shown why he did not at least
24 anticipate adding Neal as a possible defendant given his knowledge
25 that she was his manager and that she terminated Plaintiff.  "The
26 [diligence] inquiry focuses on whether Plaintiff discharged [his] duty
27 to assist the Court in fashioning a Rule 16 [scheduling] order that
28 would accommodate circumstances [he] now presents."  Jackson, 186

1  F.R.D. at 608.  It is evident that Plaintiff either was aware, or
2  should have reasonably been aware, of those circumstances when the
3  Joint Status Report was filed.  Therefore, Plaintiff should have
4  requested in the Joint Status Report a specified period within which
5  he could conduct discovery pertinent to the decision whether he should
6  add Neal as a defendant, and that any amendment of the Complaint
7  triggered by that discovery be allowed to be sought solely under Rule
8  15.  Plaintiff's failure to do this constitutes "carelessness [which
9  is not] compatible with a finding of diligence."  Id.  (quoting
10 Johnson, 975 F.2d at 609).  Further, Plaintiff concedes that he knew
11 that Neal had told Bethany Gilmore that Plaintiff had committed fraud
12 and forged a signature prior to the parties' filing of the Joint
13 Status Report.  Although Plaintiff contends "such information, alone,
14 was insufficient to allege a cause of action against [] Neal for
15 invasion of privacy and defamation," Plaintiff does not provide legal
16 support for this assertion.  (Reply at 4:8-9.)  Accordingly, Plaintiff
17 has failed to show that he "was diligent in assisting the Court in
18 creating a workable Rule 16 order."  Jackson, 186 F.R.D. at 608.

19         Lastly, Plaintiff seeks to add new claims against the
20 existing Defendant, arguing that "[t]he factual bases for these claims
21 were not known, and could not have been known or fully developed prior
22 to undertaking discovery in this case."  (Mot. at 9:4-6.)  Defendant
23 counters that Plaintiff "has not even attempted to argue that the
24 additional claims he seeks to add against [Defendant] are based on any
25 newly-discovered facts."  (Opp'n at 7:9-12.)  Plaintiff does not argue
26 in his motion that there is good cause to amend the Scheduling Order
27 to add new claims against Defendant, nor has he shown that these new
28 claims are based on newly discovered facts that could not have been

7

1  discovered earlier.  Accordingly, Plaintiff has not established that
2  Rule 16's good cause standard justifies the amendment he effectively
3  seeks.

CONCLUSION

Since Plaintiff has not shown good cause justifies modification of the no amendment provision of the Rule 16 Scheduling Order, his motion is DENIED.

IT IS SO ORDERED.

Dated:  July 6, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge