SEYFARTH SHAW LLP
Mark P. Grajski (SBN 178050)
Kristina M. Launey (SBN 221335)
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
ROTECH HEALTHCARE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS MINNARD | Case No. 2:06-CV-01460 GEB GGH |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| ROTECH HEALTHCARE INC., and DOES 1 to 100 inclusive | |
| Defendant. | |

Defendant Rotech Healthcare, Inc. ("Defendant") hereby proposes through its attorneys of record as follows:

**1.   Purpose**

Discovery in this lawsuit is concerned in part with matters that are sensitive, confidential, and private in nature. The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, Confidential Information (as defined below) produced in this action. Any violation of this Protective Order shall be subject to discipline by the contempt powers of this Court.

**2.   Confidential Information**

"Confidential Information" is information which has not been made public and refers to, describes, or involves disclosure of employee personnel information, information protected by third party privacy rights, medical information, specific health information. Confidential Information includes, but is not limited to, individually identifiable health information

1  ("Protected Health Information") that is provided during the course of discovery in this case
2  from a health plan, health care provider or health care clearinghouse ("Covered Entity") or a
3  "Business Associate" of such Covered Entity, as such terms are defined in the regulations issued
4  by the United States Department of Health and Human Services pursuant to the Health Insurance
5  Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1301 et seq.  Confidential
6  Information also includes the information contained in documents designated as such pursuant to
7  this Order, and any summaries, copies, abstracts, compilations, or other documents derived from
8  Confidential Information.  The disclosure of this Confidential Information may invade the
9  privacy of individuals.

10 **3.    Designated Confidential Information**

11 **a.    Designation**

12 Any party or non-party subject to discovery in this action may designate any documents;
13 deposition testimony, transcripts, and exhibits; interrogatory responses; responses to requests for
14 admissions; or other written, recorded, or graphic information given or exchanged by the
15 designating party or non party in the course of this action that contain Confidential Information
16 as "Confidential".  These materials shall be referred to as "Designated Confidential
17 Information".

18 **b.    Documents**

19 Documents produced by a party shall be designated "Confidential" at the time of
20 production or at the time of the signature of a party to this Stipulation and Protective Order,
21 whichever is later.  Documents produced by a non-party shall be designated "Confidential" by
22 any party or non-party within five (5) business days after the documents are received by either
23 party.  All documents produced by a non-party and not immediately designated as Confidential
24 by a party or non-party at the time of their production shall be treated as Designated Confidential
25 Information for five (5) business days following such production.

26 **c.    Deposition Testimony**

27 With respect to testimony elicited during depositions, whenever counsel for a party
28 deems that any question or line of questioning calls for the disclosure of information that should

be treated as Confidential Information, counsel may: (i) designate on the record prior to disclosure that the information is being designated as "Confidential" or (ii) may give written notice to adverse counsel within 20 business days after receiving a copy of the deposition transcript that the information is being designated as "Confidential".

4.  Except as provided herein, Designated Confidential Information will be held by the receiving party solely for use in connection with the above-captioned action and any appeals thereof.  The Parties shall take reasonable and prudent measures to safeguard the confidentiality of all Designated Confidential Information.

**5.  Persons to Whom Disclosure May be Made**

Designated Confidential Information shall not be used or disclosed directly or indirectly by the person receiving such Designated Confidential Information to persons other than:

(a)  The Court, persons employed by the Court, and the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action;

(b)  Counsel of record for any party to this action and regular employees of such counsel to the extent necessary to assist counsel in the preparation of this litigation;

(c)  Experts consulted by such counsel in connection with this proceeding to the extent necessary to assist counsel in the preparation of this litigation;

(d)  Any individual party or employee of a party; and

(e)  Any employee, former employee, agent or independent contractor of any party or its counsel who is requested by counsel to assist in the preparation of this litigation, provided, however, that disclosure of the Designated Confidential Information to that individual is made only to the extent necessary to perform such assistance.

Prior to disclosure, the persons listed in (c) and (e) must be informed of the confidentiality of the information and agree by signing an acknowledgment, attached as Exhibit A to this Stipulation and Order, that each person understands and agrees to be bound by this Order.

**6. Protected Health Information**

Notwithstanding the provisions above, the Parties are prohibited from using or disclosing any Protected Health Information that is received by them for any purpose other than these proceedings for which such Protected Health Information was disclosed. This obligation exists whether or not such Protected Health Information has been designated Confidential.

**7. Use In Court**

Designated Confidential Information shall not lose its confidential status through use in any Court proceeding in this action.

**a. Admissibility**

Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

**b. Procedures for Filing Documents**

~~Documents filed with the Court before, during, or after trial which contain Designated Confidential Information shall be filed under seal subject to further order of the Court, pursuant to the requirements and procedures of Eastern District Local Rule 39-141.~~

Documents other than the delivery tickets and IMBS tickets subject to the court's order, filed with the Court before, during, or after trial which contain Designated Confidential Information shall not be filed under seal unless the party seeking to seal any other documents first files a motion pursuant to Eastern District Local Rule 39-141, upon a showing of good cause. The delivery tickets and IMBS tickets may be filed under seal without a further showing.

**8. Survival and Return of Designated Material**

The provisions of this Order shall survive and remain in full effect after the conclusion of this action.

Within 10 days after final conclusion of all aspects of this case, including appeals, all Parties who have received Protected Health Information or any Designated Confidential Information must either return all documents, including any in electronic format, containing the Protected Health Information or Designated Confidential Information to the party or person who produced the documents, or destroy all such documents. All counsel of record shall certify their

**6. Protected Health Information**

Notwithstanding the provisions above, the Parties are prohibited from using or disclosing any Protected Health Information that is received by them for any purpose other than these proceedings for which such Protected Health Information was disclosed. This obligation exists whether or not such Protected Health Information has been designated Confidential.

**7. Use In Court**

Designated Confidential Information shall not lose its confidential status through use in any Court proceeding in this action.

**a. Admissibility**

Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

**b. Procedures for Filing Documents**

~~Documents filed with the Court before, during, or after trial which contain Designated Confidential Information shall be filed under seal subject to further order of the Court, pursuant to the requirements and procedures of Eastern District Local Rule 39-141.~~

Documents other than the delivery tickets and IMBS tickets subject to the court's order, filed with the Court before, during, or after trial which contain Designated Confidential Information shall not be filed under seal unless the party seeking to seal any other documents first files a motion pursuant to Eastern District Local Rule 39-141, upon a showing of good cause. The delivery tickets and IMBS tickets may be filed under seal without a further showing.

**8. Survival and Return of Designated Material**

The provisions of this Order shall survive and remain in full effect after the conclusion of this action.

Within 10 days after final conclusion of all aspects of this case, including appeals, all Parties who have received Protected Health Information or any Designated Confidential Information must either return all documents, including any in electronic format, containing the Protected Health Information or Designated Confidential Information to the party or person who produced the documents, or destroy all such documents. All counsel of record shall certify their

compliance with this Paragraph and shall deliver the certification to counsel for the party who produced the documents not more than fourteen (14) days after final termination of this litigation.

9.  This Stipulation and Order is subject to revocation and modification by Order of the Court upon written stipulation of the Parties or upon motion and reasonable notice.

## **ORDER**

GOOD CAUSE APPEARING, it is hereby ORDERED that all Parties, their counsel, and all parties or entities who become bound by the above stipulation, shall strictly adhere to and abide by the terms, provisions, obligation, restrictions, and protections set forth in this protective order, and fully and completely perform all duties and/or obligations imposed therein, as applicable.

DATED: 01/14/08                                     /s/ Gregory G. Hollows

                                                                U.S. Magistrate Judge

Minnard.po

# **EXHIBIT A**

1.    I, the undersigned, hereby acknowledge that I have read the Protective Order entered into the United States District Court for the Eastern District of California in the action entitled *Curt Minnard v. Rotech Healthcare, Inc.*, Case No. 2:06-CV-01460 GEB GGH.

2.    I understand the terms of the Protective Order and agree to be bound by its terms.

3.    I understand and agree that any documents, material, or information designated "Confidential" shall be used only for purposes of this action.

Executed this ___ day of _____, 2008, at _____ [city], _____ [state].

Sign Name: _____

Print Name: _____

Address: _____

_____