IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS MINNARD,

    Plaintiff,                                  CIV. NO. S- 06-1460 GEB GGH

    vs.

ROTECH HEALTHCARE INC., et al.,

    Defendants.                            <u>ORDER</u>

_____/

        Previously pending on this court's law and motion calendar for December 20, 2007, was plaintiff's motion to compel responses to requests for production of documents. Carla Minnard appeared for plaintiff. Kristina Launey appeared for defendant. At hearing, the court ordered the production of certain documents. The court now issues the following explanatory order.

<u>BACKGROUND</u>

        Plaintiff is a former employee of defendant Rotech Healthcare Inc. ("Rotech"), and served as a patient service technician for eight years from May, 1998, until he was terminated on April 7, 2006. He contends he was wrongfully terminated in retaliation for complaining of violation of overtime compensation policies and practices as well as wage and hour violations. He also alleges defamation, failure to pay overtime, unfair business practices,

1

and infliction of emotional distress. Plaintiff seeks compensatory and punitive damages.

Plaintiff seeks responses to two discovery requests for production related to defendant's contention that plaintiff was terminated in part because he dated a delivery ticket on behalf of a patient.[1] Although this practice was condoned by plaintiff's manager, Dawn Neal, in the past, she emphasized in early 2006 that only patients must sign and date their delivery tickets, and plaintiff was aware of this change. Plaintiff denies that he dated the delivery ticket, and claims that this reason was a pretext for retaliation. Plaintiff further contends that he was accused of signing, not dating the delivery ticket. Plaintiff also asserts that Neal had full knowledge and found it acceptable to date and sign delivery tickets in cases where patients were not able, available or had forgotten to sign them. In support, plaintiff points to the testimony of Neal and his former coworkers who routinely signed and dated delivery tickets and were not disciplined or terminated over it.

DISCUSSION

    A. Production of Documents

The pertinent portion of HIPAA provides that a covered entity such as Rotech may disclose protected health information in a judicial proceeding in response to a court order and only that information expressly authorized by the order. 45 C.F.R. § 164.512(e). The covered entity may respond to a discovery request if it has been given assurance that the party seeking the information has made reasonable efforts to give notice to the individual whose privacy is at stake, or the covered entity is given satisfactory assurance from the party seeking the information that reasonable efforts have been made to obtain a qualified protective order that meets the following requirements:

> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

---

[1] The delivery tickets in question related to oxygen tanks.

      (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

Id., § 164.512 (e)(ii), (e)(v).  See Allen v. Woodford, 2007 WL 309485, *5 (E.D. Cal. 2007).

      At the hearing, the court directed defendant to produce a certain portion of delivery tickets outlined in plaintiff's request for production numbers 4 and 5:

      Request No. 4 - All "delivery tickets" dated between January, 2004 and the present for the West Sacramento Quest office.[2]

      Request No. 5 - All "IMBS tickets" dated between January, 2004 and the present for the West Sacramento Quest office.

      The court limited production to only those delivery tickets and IBMS forms dated from January, 2006 to the present, for active patients only.  Production was to take place by January 15, 2008, pursuant to a protective order drafted by defendant and reviewed by the court.

  B. Protective Order

      On January 11, 2008, defendant submitted a proposed protective order to which plaintiff objects as beyond the scope of plaintiff's motion to compel in covering documents, evidence and deposition testimony which are not limited to the delivery tickets at issue.  The proposed protective order is beyond the scope of the motion; however, it is acceptable in this respect as it will avoid future motions to compel concerning the same issues of privacy and HIPAA protection.

      The proposed protective order is unacceptable, however, in permitting any and all documents designated as confidential to be "filed under seal subject to further order of the court, pursuant to the requirements and procedures of Eastern District Local Rule 39-141."  Proposed Protective Order, ¶ 7.b.

\\\\\

---

   [2] Quest is a division of Rotech Healthcare Inc.  Minnard Decl., Ex. 4.

1       Discovery information disclosed in court filings generally is available to the
2 public. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th
3 Cir.1999) ("[i]t is well-established that the fruits of pre-trial discovery are, in the absence of a
4 court order to the contrary, presumptively public").[3]

5       Protective orders safeguard the parties and other persons in light of the otherwise
6 broad reach of discovery. United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). The
7 court has great discretion to issue protective orders if discovery causes annoyance,
8 embarrassment, oppression, undue burden, or expense. B.R.S. Land Investors v. United States,
9 596 F.2d 353, 356 (9th Cir. 1979). Good cause, however, is required to obtain a protective order.
10 Fed. R. Civ. P. 26(c); Foltz v State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir.
11 2003); Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the
12 public can gain access to litigation documents and information produced during discovery unless
13 the party opposing disclosure shows 'good cause' why a protective order is necessary").

14       "Good cause" to bar the public from litigation documents must be more than
15 mere desire. The party seeking protection must show specific prejudice or harm, including, with
16 respect to individual documents, particular and specific need. Id.; San Jose Mercury News, Inc.,
17 187 F.3d at 1102; W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure
18 Before Trial § 11:88. "If a court finds particularized harm will result from disclosure of
19 information to the public, then it balances the public and private interests to decide whether a
20 protective order is necessary." Phillips, 307 F.3d at 1211 (citing Glenmade Trust Co. v.
21 Thompson, 56 F.3d 476, 483 (3d Cir.1995) (factors)).

22       In conjunction with this precedent, E. D. Local Rule 39-141 provides that
23 documents may be sealed only upon order of the court, pursuant to a motion to file under seal.

---

25    [3] A party may have the right to protect from public disclosure information which has
26 been produced to the other party only because of discovery and which has not been filed with the
court. Seattle Times v. Rhinehart, 467 U.S. 20, 33, 37, 104 S. Ct. 2199, 2207, 2209 (1984).

Defendant was warned at hearing not to include language in the protective order which permits any and all documents to be filed under seal. Therefore, the court has modified the proposed protective order to this extent.

    C. <u>Sanctions</u>

Although both parties request sanctions, the court finds substantial justification on both sides, and denies these requests.

<u>CONCLUSION</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel responses, filed November 11, 2007, is granted in part and denied in part as outlined within this order.

2. Defendant shall produce the specified discovery by January 15, 2008.

3. Production shall be pursuant to the protective order filed with the court concurrently with this order.

4. Plaintiff's and defendants' requests for sanctions are denied.

DATED: 01/15/08

                        /s/ Gregory G. Hollows

                        GREGORY G. HOLLOWS
                        U. S. MAGISTRATE JUDGE

GGH:076
Minnard1460.dsy.wpd