IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS MINNARD,

    Plaintiff,                                    CIV. NO. S-06-1460 GEB GGH

    vs.

ROTECH HEALTHCARE INC., et al.,

    Defendant.                                ORDER

_____/

        Previously pending on this court's law and motion calendar for January 10, 2008 was defendant's motion to compel mental examination of plaintiff pursuant to Fed. R. Civ. P. 35. Kristina Launey appeared for defendant. Carla Minnard appeared for plaintiff. Having heard oral argument and reviewed the parties' joint statement filed January 3, 2008, the court now issues the following order.

BACKGROUND

        Plaintiff is a former employee of defendant Rotech Healthcare Inc. ("Rotech"), and served as a patient service technician for eight years from May, 1998 until he was terminated on April 7, 2006. He contends he was wrongfully terminated in retaliation for complaining of violation of overtime compensation policies and practices as well as wage and hour violations. He also alleges defamation, failure to pay overtime, unfair business practices, and infliction of

1

emotional distress.  Plaintiff seeks compensatory and punitive damages.

Defendant seeks to compel plaintiff to submit to a half day interview by defendant's expert, Emily Keram, who was designated in rebuttal to plaintiff's expert, Paul Berg. Defendant asserts that based on plaintiff's designation of this psychologist to testify regarding "the nature, extent, and cause of plaintiff's emotional distress in this case," defendant's expert must be allowed to conduct an interview of plaintiff prior to plaintiff's deposition of Dr. Keram which is set to occur on January 25, 2008. In his deposition, Dr. Berg criticized Dr. Keram's conclusions in part because she had not interviewed plaintiff.

DISCUSSION

"[I]n order for a party seeking to compel a psychiatric examination under Rule 35 to establish that the other party's mental condition is 'in controversy' within the meaning of the Rule, the moving party must show more than that the party in question has claimed emotional distress." Turner v. Imperial Stores, 161 F.R.D. 89, 97 (S.D. Cal.1995); accord, Ford v. Contra Costa County, 179 F.R.D. 579, 580 (N.D.Cal. 1998). Before a mental examination is compelled, in addition to a bare claim for mental distress, the moving party should demonstrate one or more of the following:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

Turner, 161 F.R.D. at 95.[1]

\\\\\

---

[1] As Judge Aaron noted, only one published opinion in the Ninth Circuit prior to Turner addressed the IME issue – Smedley v. Capps, Staples, Ward, Hastings & Dodson, 820 F. Supp. 1227 (N.D. Cal.1993). The Smedley court granted defendants' motion for mental examination, solely because of plaintiff's bare claim of emotional distress. As the Turner court observed, the Smedley court reached its conclusion without analysis or citation to authority. Turner, 161 F.R.D. at 93. Accordingly, this court relies on the careful analysis set forth in Turner.

2

1    Cases which involve little more than garden variety allegations of past emotional
2 distress ordinarily are not sufficient to require a mental exam.  Sabree v. United Broth. of
3 Carpenters & Joiners, 126 F.R.D. 422, 426 (D. Mass. 1989) (finding that although complaint
4 contained specific claims for emotional distress under state law, plaintiff's mental condition was
5 not at issue); Benchmaster, Inc. v. Kawaelde, 107 F.R.D. 752, 754 (E.D. Mich. 1985) (proffering
6 rationale that psychiatrist could aid only in determining present emotional disturbance).  Mental
7 exams are generally not allowed absent specific facts demonstrating emotional state will be at
8 issue.  See, e.g., Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D. Pa. 1983)
9 (plaintiff had designated testifying psychiatric experts and had received psychiatric care).

10   Claims for past emotional distress at best permit the court discretion whether to
11 allow a Rule 35 exam.  Hodges v. Keane, 145 F.R.D. 332, 334 (S.D.N.Y. 1993).  The
12 determination is made on a case by case basis.  See, e.g., Ziemann v. Burlington County Bridge
13 Com'n, 155 F.R.D. 497, 501 (D.N.J. 1994) (considering, inter alia, alleged injury and whether
14 claim is ongoing); Anson v. Fickel, 110 F.R.D. 184, 186 (N.D. Ind. 1986) (considering resort to
15 psychiatric or psychological counseling).

16   The real issue here is not so much the need for a Rule 35 exam, but the timing of
17 such.  Judge Burrell's scheduling order calls for designation of experts; reports are to be filed
18 with the designation.  Plaintiff claims that defendant should have anticipated the need for an
19 expert who had performed such interviewing/testing as was necessary prior to designation.
20 Plaintiff points to the complaint alleging emotional distress, and in any event, emphasizes the
21 thirty day period in which defendant had to analyze his expert's report before naming a rebuttal
22 expert.  Because defendant did not avail itself of a Rule 35 exam prior to designation, the
23 argument continues, Judge Burrell's order precludes such an exam now as the report could only
24 come into evidence through the expert.  Defendant, on the other hand, claims that it had no real
25 knowledge of the need for such an interview prior to the deposition of plaintiff's expert, who
26 poked at defendant's rebuttal expert  for not having interviewed the plaintiff.  Plaintiff had been

1  deposed but did not testify to any mental health treatment up to that point.  Moreover, defendant
2  asserts that the Rule 35 exam can be taken any time before discovery cutoff and the expert
3  designation Rule [26] and Scheduling Order do not formally link the two events of designation
4  and Rule 35 exam.
5           There is division among the courts as to whether Rule 35 exams are subject to the
6  restrictions of Rule 26(a)(2).  In Waggoner v. Ohio Cent. R.R., Inc., 242 F.R.D. 413, 414 (S.D.
7  Ohio 2007), the court pointed out that:

> At least one court appears to have assumed implicitly that if a Rule 35 examining physician is intended to be called as a witness at trial, the Rule 35 report must be produced at the time established for other Rule 26(a)(2) disclosures.  See Shumaker v. West, 196 F.R.D. 454 (S.D.W.Va.2000).  On the other hand, at least one court has concluded that Rule 26(a)(2) does not provide any time limits relating to the issuance of the Rule 35 report.  See Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F.Supp. 65 (S.D.N.Y.1995).

13           Waggoner sided with Furlong reasoning, and as the undersigned understands, that
14  the examining doctor would do little more than reiterate the objective facts of the examination.
15  Thus, the Rule 35 report was not really in the nature of a further expert report.  The undersigned
16  respectfully disagrees.  The purpose of the retained expert is to advocate within reasonable
17  grounds on behalf of the person for whom retained.  The expert will not simply be parroting the
18  facts of an examination.  For example, in this case, defendant's expert will be using the requested
19  psychological interview to support defendant's overall position, or attacking the position of
20  plaintiff's expert.  The Rule 35 exam and the retained expert's opinions are inextricably
21  intertwined.  Furthermore, an expert should be as prepared as possible at the time of designation.
22  Unless a scheduling order otherwise permits, a general policy routinely allowing a party's
23  medical expert to be unprepared at time of designation does not comport with the needs of
24  litigation or common sense.
25           Therefore, the undersigned rejects defendant's assertion that an expert may
26  routinely testify to matters discovered in a Rule 35 examination regardless of the expert

provisions in a scheduling order so long as the exam is taken prior to discovery cutoff.  Rather, the matter is governed by a reading of the Scheduling Order supplemented by application of otherwise pertinent Rules, or a determination of circumstances not expressly encompassed within the Scheduling Order and pertinent Rules.

The district judge's scheduling order is the first (and sometimes the last) consideration in terms of applying discovery deadlines, as adherence to the order is very important to the settled expectations of the parties and the court.  However, as discovery issues are sometimes unanticipated by a normal scheduling order, the reference of discovery matters to magistrate judges at times requires more than an ability to look at calendars with an eye towards mechanical application of dates.  If, in this case, the need for an expert's Rule 35 exam could not have been reasonably anticipated prior to the time it was, the undersigned will fit the Rule 35 exam into an added "footnote" to the scheduling order.

However, no such interstitial determination is necessary in this case.  The analysis below of the pertinent facts demonstrates that defendants should have asked for a Rule 35 exam after plaintiff's designation of expert and prior to the designation of its rebuttal expert.  Nevertheless, because of the interplay between Judge Burrell's scheduling order and the Federal Rules of Civil Procedure, defendant's expert may supplement the expert report *after* designation of the expert.

A review of the complaint indicates for most claims that the addition of "emotional distress" damages to the prayer was fairly routine and would not have placed defendant on notice that a Rule 35 exam should have been scheduled.  But the addition of a specific "intentional infliction of emotional distress" claim is a factor pointing to the necessity for such an exam.  See case discussion, supra.  Nevertheless, plaintiff did not testify in his deposition to medical treatment for emotional problems, rendering the need for a Rule 35 exam much less obvious.  At the time just prior to plaintiff's designation of experts in later October 2007, the litigation landscape appeared to indicate that plaintiff's emotional distress claims were

no more than the ordinary, temporary shock occurring on the happening of an untoward event – a shock that dissipates rather quickly over time.

However, when plaintiff actually named an expert psychologist who issued a report on or about October 25, 2007, relying heavily on an interview with plaintiff, defendant Rotech was on notice that it would need the Rule 35 exam.[2]  Litigators know that a defect most certainly to be pointed out in an opposing expert's psychological analysis is the failure to interview/examine an injured party who has been interviewed by the proffering party.  And as just noted, that "defect" was apparent at the time of plaintiff's expert's designation.  The court does not find that the "defect" was first to be understood only at the time of taking plaintiff's expert's deposition.  The question then becomes, did defendant's failure to even attempt to schedule a Rule 35 exam prior to the designation of its own rebuttal expert require a strict application of the trial judge's "experts file a report at time of designation" scheduling order.

The undersigned answers the question in the negative.  The Federal Rules expressly contemplate that an expert may supplement his or her report after the time of designation:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time *the party's pretrial disclosures under Rule 26(a)(3) are due.*

Fed. R. Civ. P. 26(e)(2) (emphasis added).

By terms of the scheduling order, the Rule 26(a)(3) disclosures are due seven days prior to the pretrial conference of June 30, 2008, i.e., June 23, 2008.  Scheduling Order at 4.  Because Judge Burrell's scheduling order regarding experts contemplates only that an expert designation and report be served in compliance with Rule 26 (a)(2), Scheduling Order at 2, the provisions of Rule

---

[2] The initial Scheduling Order in this case was issued on December 11, 2006; the expert disclosure dates were modified by Order of September 21, 2007.

1  26(e)(2), expressly incorporating reference to Rule 26(a)(2)(B), govern.[3]  The experts in this case
2  could rely on additional information, including a Rule 35 examination, taken after designation
3  and report issuance.
4          "Supplementation" does not mean that a party may sandbag his opponent by
5  withholding opinions which should have been published at the time of designation, but are not
6  rendered until a "supplementation." The situation here (a slight delay in asking for a Rule 35
7  exam) does not involve a purposeful manipulation of the scheduling order to delay rendition of
8  an expert's opinions.  The rule for that situation must await another day.
9          Accordingly, a Rule 35 exam (interview) will be permitted within the confines
10 outlined here as Judge Burrell's scheduling order binds this court.  Defendant's expert may take
11 the interview of plaintiff not later than January 31, 2008.[4]  The exam will be restricted to four
12 hours, and may not include testing, but will be limited to an interview as requested by defendant.
13 Dr. Keram shall produce a supplemental report to plaintiff no later than February 10, 2008.  Dr.
14 Keram's deposition shall take place no later than February 20, 2008.[5]
15 CONCLUSION
16         Accordingly, IT IS ORDERED that defendants' motion to compel Rule 35 mental
17 examination, filed December 10, 2007, is granted subject to the provisions stated in this order.
18 DATED: 01/15/08

                                                 /s/ Gregory G. Hollows
19                                               _____
                                                 GREGORY G. HOLLOWS
20                                               U. S. MAGISTRATE JUDGE
   GGH:076
21 Minnard1460.R35.wpd

---

[3] The undersigned observes that Judge Burrell does not use the language in his scheduling order used by some other judges in this district, i.e., "that experts be fully prepared at the time of their designation."  Rather, Judge Burell's order regarding experts is strictly Rule 26 directed.

[4] Dr. Keram's deposition is currently scheduled for January 25, 2008.  The parties may desire to reschedule this deposition.

[5] The discovery cutoff in this case is February 21, 2008.