IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS MINNARD,

    Plaintiff,                               CIV. NO. S-06-1460 GEB GGH

    vs.

ROTECH HEALTHCARE INC., et al.,

    Defendants.                           ORDER

_____/

        Previously pending on this court's law and motion calendar for February 21, 2008, were plaintiff's motion to determine sufficiency of responses and objections to requests for production and requests for admissions and for sanctions, filed January 17, 2008; plaintiff's motion to compel responses to requests for production of documents and for sanctions, filed January 17, 2008; plaintiff's motion to strike, motion for civil contempt and for sanctions, filed January 21, 2008; and defendant's motion to compel, filed January 18, 2008. Carla Minnard appeared for plaintiff. Mark Grajski appeared for defendant. After hearing oral argument and reviewing the joint stipulations, the court now issues the following order.

BACKGROUND

        Plaintiff is a former employee of defendant Rotech Healthcare Inc. ("Rotech"), and served as a patient service technician for eight years from May, 1998, until he was

terminated on April 7, 2006. He contends he was wrongfully terminated in retaliation for complaining of violation of overtime compensation policies and practices as well as wage and hour violations. He also alleges defamation, failure to pay overtime, unfair business practices, and infliction of emotional distress. Plaintiff seeks compensatory and punitive damages. The scheduling order in this case provides as follows:

> All discovery shall be completed by February 21, 2008. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders,if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.

Order, filed December 11, 2006, at 2. The order specifically states that a party who conducts discovery near the end of the cutoff date runs the risk of not having a discovery dispute resolved by the magistrate judge. Id., n. 3. With the terms of the scheduling order limiting these last minute discovery motions, the court will decide only those disputes capable of determination within those parameters.

DISCUSSION

A.  Plaintiff's motion to strike, motion for civil contempt and for sanctions

Plaintiff seeks sanctions regarding a prior order wherein the court directed the mental exam of plaintiff with the following restrictions, "[t]he exam will be restricted to four hours, and may not include testing, but will be limited to an interview as requested by defendant." Order, filed January 15, 2008.

At hearing, the court determined that the verbal questions posed of plaintiff did not constitute testing but were part of the interview process. Defendant's violation of the four hour time limit was a technical violation only, considering that the initial order did not take into account break time. Therefore, plaintiff's motion is denied in all respects.

\\\\\

\\\\\

B.  Plaintiff's motion to compel responses to requests for production of documents and for sanctions

This discovery relates to defendant's contention that plaintiff was terminated in part because he dated a delivery ticket on behalf of a patient.  Through request number 10, plaintiff seeks the original St. Claire's Nursing Center delivery ticket.  Defendant indicates it has performed a diligent search for the ticket but it is lost.  The court cannot rule on this motion within the time limits prescribed by the scheduling order, and in any event, the matter is one calling for an evidentiary ruling by the district court.  This court has reviewed plaintiff's motion for sanctions but finds that defendant was substantially justified in its actions in defending the motion.  Therefore, plaintiff's motion to compel and for sanctions is denied, without prejudice to its being raised before the district judge.[1]

C.  Plaintiff's motion to determine sufficiency of responses and objections to requests for production and requests for admissions and for sanctions

Plaintiff moves to compel defendant to remove its unjustified objections to plaintiff's request for admissions, set one, and request for production of documents, set three.  Plaintiff also moves to deem admitted certain matters requested in the requests for admissions.

The requests for production appear to be resolved, other than number 10 which was addressed above in the first section.  The court will not rule further on requests numbered 8 and 9.

\\\\\

---

[1] At hearing, plaintiff's argument diminished the importance of the exhibit.  While the exhibit would be very important if it were plaintiff's theory that: "The signature and date on the ticket must have been 'planted' by management so as to make it look that I (plaintiff) did it," it began to appear that plaintiff's main argument was: "It might have been my writing, I don't know, but so what; management knew that business necessities required that the drivers fill out the tickets in all particulars if the oxygen recipient errantly did not – thus, management's firing me for having done so was pretext."

Certainly, if the latter theory is the operative theory at trial, and assuming that plaintiff avoids offering conflicting theories at trial, the significance of the original ticket, and the need to forensically test it, is much, much less.

Although four requests for admissions are at issue, the court is only able to decide request number 3 within the terms of the scheduling order.[2] The parties stipulated at hearing and the court now orders that defendant's response to request number 3 is amended to substitute the term "authorized" instead of "approved" in defendant's response. The court declines to address the remainder of plaintiff's motion.

### D. Defendant's motion to compel

Defendant seeks to compel responses to requests for production and interrogatories which have not previously been the subject of a motion to compel. The court is unable to rule on most of the matters contained herein due to the constraints of the scheduling order. The only dispute capable of resolution at this time is plaintiff's agreement at hearing to amend his response to interrogatory number 20. That agreement is confirmed by this order.

The main dispute in this motion appears to concern a declaration by Bethany Gilmore that defendant first learned about on November 13, 2007, during Gilmore's deposition, about a year after the declaration. The declaration was procured afer plaintiff had responded to document requests. Defendant argues that assuming the declaration is work product, plaintiff should have supplemented a privilege log. The court is unable to decide this part of the motion on short notice.

### CONCLUSION

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to strike expert, for civil contempt and for sanctions, filed January 21, 2008, (docket #53), is denied.

2. Plaintiff's motion to compel responses to requests for production and for sanctions, filed January 17, 2008, (docket #51), is denied.

---

[2] Request number 3 states: "Admit that Angie Crain authorized Plaintiff's termination in or about April 3, 2006." Defendant responded: "Defendant admits that Crain approved plaintiff's termination in or about April 3, 2006."

3. Plaintiff's motion to determine sufficiency of responses and objections and for sanctions, filed January 17, 2008, (docket #50), is denied in part and granted only with respect to request for admission number 3.

4. Defendant's motion to compel, filed January 18, 2008, (docket #52), is denied in part, and granted only with respect to interrogatory number 20.

DATED: 02/25/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Minnard1460.mtns.wpd